E. C. CROPPER & Co. *v.* ILLINOIS SEWING MACHINE Co.

[54 South. 849.]

LIMITED PARTNERSHIPS.  *Special partners.  Liability as general partner.*

Under Code 1906, section 3138, providing that "any special partner
shall have the right to examine into the state of the partnership
concerns, but he shall not transact any partnership business, nor
act as agent for that purpose, and if he shall violate the provi-
sions of this section, he shall be deemed and *held* a general
partner." A special partner, who on the general partner becom-
ing sick, looks over the business and examines the firm's books,
and states that he expects to close out the business to pay cred-
itors, does not thereby transact any partnership business, nor
act as agent for the partnership, in any sense contemplated by
the statute, and is not liable as a general partner.

APPEAL from the circuit court of Wilkinson county.
HON. M. H. WILKINSON, Judge.

Suit by the Illinois Sewing Machine Company against
E. C. Cropper & Company. From a judgment adjudg-
ing F. B. Fox a general partner, he appeals.

A limited partnership was formed between E. C.
Cropper and F. B. Fox, in accordance with chapter 88
of the Code of 1906; Mr. Cropper being the general part-

ner and Mr. Fox the limited partner. The articles of partnership were acknowledged and recorded as provided by law, and business was begun under the name of E. C. Cropper & Co. The business was conducted altogether by Cropper; Mr. Fox living in another town, some distance away, and having nothing whatever to do with the management of the business. Some time after business was begun and before the expiration of the period provided in the articles of partnership had expired, the business became in a failing condition. About this time Mr. Cropper got sick, and Mr. Fox went to look over the business and examine the books, in order to see the condition of affairs. The appellee held a claim against the partnership, and, same not being paid, instituted suit against Cropper and Fox as general partners. Fox pleaded the general issue, and filed a special plea setting up the fact that he was a limited partner, not liable above the amount specified by the articles of partnership, as he had nothing to do with the management of the business. It is sought to hold him liable because of the fact that he looked over the books of the firm and had stated that he expected to close out the business in order to pay off the creditors.

Section 3138 of the Code of 1906 is as follows: "3138. Special Partner may Examine Books, but Not to Transact Business.—Any special partners shall have the right to examine the partnership books and to examine into the state of the partnership concerns, but he shall not transact any partnership business, nor act as agent for that purpose, except as attorney and counselor at law; and if he shall violate the provisions of this section, he shall be deemed and held a general partner."

*Shannon & Jones* and *Chalmers Alexander,* for appellant.

*Bramlett & Tucker,* for appellee.

The record in this case has been lost and so no briefs of counsel on either side are given.

Mayes, C. J., delivered the opinion of the court.

After a most careful examination of the facts of this case, it is our judgment that Mr. Fox is not liable under section 3138, of the Code of 1906, as a general partner in the limited partnership firm of E. C. Cropper & Co. He did not transact any partnership business, nor act as agent for the partnership, in any sense contemplated by the statute.                    *Reversed and remanded*